## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JESSICA HUGGINS, ) | |
| ) | Civil Action Number: |
| Plaintiff, ) | |
| ) | FLSA Action |
| v. ) | Jury Trial Demanded |
| ) | |
| EDLYN HEALTHCARE SERVICES, ) | |
| INC. a Domestic Profit Corporation, and ) | |
| MAUDLYN E. AKARUE, anIndividual ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. COMES NOW Plaintiff Jessica Huggins ("Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Edlyn Healthcare Services, Inc. (hereinafter "Edlyn") and Maudlyn E. Akarue (hereinafter "Akarue""), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

2. The instant action arises from Defendants Edlyn's, and Akarue's (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA

found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of her lawful overtime wages.

3. This action is brought to recover unpaid overtime compensation owed to Plaintiff, pursuant to the FLSA.

4. Plaintiff was employed by Defendants and, who during the time relevant to this action worked as an LPN home health nurse based from 110 Daniel Creek Lane, Sugar Hill, Georgia, 30518 (hereinafter "Defendants' Sugar Hill Location").

5. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

6. During the employment of Plaintiff, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

7. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff resides in Hiawassee, Towns County, Georgia (within this District).

11. Plaintiff, during the period relevant to this complaint, was employed by Defendants to work mainly in a private home providing nursing medical care to a bed bound patient with multiple medical problems.

12. Relative to the instant Complaint, Plaintiff was employed by Defendants from on or about June18, 2016 through on or about October 14, 2021.

13. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, although she was illegally treated as an "independent contractor" by them and worked for Defendants within the territory of the United States.

14. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendants.

15. During the time relevant to this action, Plaintiff was an employee of Defendants and who were engaged in commerce or in the production of goods for commerce.

16. Defendant Edlyn, is a Domestic Profit Corporation formed under the laws of the State of Georgia and provides its clients home health care.

17. Upon information and belief, Defendant Akarue is an owner of Defendant Edlyn and according to the Georgia Secretary of State website she is also the CEO, CFO and Secretary of Defendant Edlyn.

18. Defendants conduct business within this State and District.

19. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Sugar Hill Location, including the employment and pay and other practices of that operation.

20. Defendant Edlyn is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Maudlyn E. Akarue, at 110 Daniel Creek Lane, Sugar Hill, Georgia, 30518.

21. Defendant Akarue is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 110 Daniel Creek Lane, Sugar Hill, Georgia, 30518

22. At all times material to this action, Defendant Edlyn, was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

23. At all times material to this action, Defendant Edlyn was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

24. Upon information and belief, at all times material to this action, Defendant Akarue was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

25. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

26. At all times relevant to this action, Plaintiff's primary duties, included providing nursing medical care to a bed bound patient with multiple medical problems based from Defendants' Sugar Hill Location.

27. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

28. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

29. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance to the operation of Defendant Adlyn in the daily activities she performed.

30. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

31. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

32. At all times relevant to this action, Plaintiff was paid on an hourly basis.

33. At all times relevant to this action, Defendants did not compensate Plaintiff for all time worked in excess of forty (40) hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

34. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff were required to be kept by Defendants.

35. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C., § 207 or § 213 with respect to Plaintiff.

36. Defendants violated the FLSA by misclassifying Plaintiff as an independent contractor.

37. Defendants had complete control over the work to be performed by Plaintiff.

38. Plaintiff was required to report to and remain at work in a patient's home per a schedule developed by Defendants.

39. Plaintiff invested little to no money in tools to perform her duties for Defendants.

40. Defendants controlled the time when Plaintiff could do her work.

41. Defendants controlled the location where Plaintiff would do her work.

42. Defendants determined how Plaintiff got paid.

43. Plaintiff did not work for any other employer during the time period she worked for Defendants.

44. Plaintiff had very little opportunity, if any, for profit or loss depending upon her managerial skill.

45. Plaintiff had no capital investment in equipment.

46. Plaintiff did use her own personal vehicle for transportation to work at the patient's home.

47. The working relationship between Defendants and Plaintiff had the possibility for a high degree of permanency and duration.

48. The services rendered by Plaintiff were an integral part of Defendants' business.

49. During Plaintiff's working relationship with Defendants, Plaintiff was economically dependent upon her job with Defendants.

50. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

51. Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked and for any and all time worked in excess of 40 hours per week at the rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

52. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

53. As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Plaintiff is entitled to liquidated damages.

54. Plaintiff demands a jury trial.

## COUNT I

55. Plaintiff repeats and incorporates by reference paragraphs 1-54 herein.

56. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

57. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which she was employed.

58. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which she was employed.

59. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

60. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which she was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages,

B. That Plaintiff be awarded reasonable attorneys' fees,

C. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 25th day of January, 2022.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267

11